# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER ROBERT BEAUSOLEIL,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:18-cv-146 |
| v. | ) ) | |
| **ERIE COUNTY PRISON,** | ) ) | **United States District Judge Susan Paradise Baxter** |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

### I. BACKGROUND

Plaintiff Christopher Robert Beausoleil ("Plaintiff") commenced this *pro se* civil rights action on May 21, 2018 against the Erie County Prison ("ECP" or "Defendant"). In his Complaint, Plaintiff alleges that his Eighth Amendment rights were violated as the result of events occurring on April 16, 2018 while he was incarcerated at ECP. Specifically, Plaintiff claims that:

> On 4/16/18 Nurse Agel was doing medication line. I turned to get my cup and she said I was hoarding my medication. I lost my medication for 12 days. I had my misconduct hearing and was found not guilty. The next day I got my medication back.

ECF No. 6. As relief, Plaintiff seeks an award of $500,000.00. *Id.*

Defendant filed a motion to dismiss the Complaint on June 22, 2018 arguing, *inter alia,* that ECP is not a "person" that can be sued under 42 U.S.C. §1983. ECF No. 10. By order dated June 27, 2018, this Court directed Plaintiff to respond to the pending motion on or before July 25, 2018. ECF No. 12. To date, Plaintiff has not responded to Defendant's motion, nor has he sought an extension of time for the purpose of responding.

1

## II. STANDARD OF REVIEW

Defendant's motions is predicated on Rule 12(b)(6) of the Federal Rules of Civil Procedure. "When considering a Rule 12(b)(6) motion, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). In conducting a Rule 12(b)(6) analysis, the Court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." *Wayne Land*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted) (alteration in the original).

## III. DISCUSSION

Although Plaintiff's cause of action is not expressly identified in the Complaint, his claim can fairly be construed as a claim asserted under 42 U.S.C. §1983.[1] To state a viable cause of

---

[1] Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should

2

action under 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). For purposes of pleading a §1983 claim, the plaintiff must allege the defendant's personal involvement in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In this case, Plaintiff purports to invoke his Eighth Amendments rights under the theory that Defendant was deliberately indifferent to his serious medical needs. *See* Complaint at III (referencing an "8th Amendment Deliberate Indifference Claim"); *c.f. In Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976) (holding that prison officials violate the Eighth Amendment when they demonstrate deliberate indifference to a prisoner's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed").[2]

As Defendant correctly notes, however, Plaintiff's claim against ECP cannot proceed because ECP is not a "person" to whom liability can be assigned under §1983. *See Lenhart v. Pennsylvania,* 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam*) (concluding that district court

---

do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read 'with a measure of tolerance'"); *Freeman v. Dep't of Corr.*, 949 F.2d 360 (10th Cir. 1991).

[2] Defendant contends that Plaintiff's claim is properly construed as implicating his Fourteenth Amendment rights. The Court disagrees, because it seems clear from the Complaint that Plaintiff avers the incident in question occurred on April 16, 2018, after Plaintiff had pleaded guilty to certain crimes but was still awaiting sentencing. *See* ECF 10 at ¶¶4-5; Compl. at IV(A). Accordingly, although it is not ultimately material to the Court's disposition of the pending motion, the relevant constitutional right is the Eighth Amendment. *See Curry v. McCann*, No. CV 18-5444, 2019 WL 77441, at *6 (E.D. Pa. Jan. 2, 2019) ("The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees.") (citing *Hubbard v. Taylor*, 399 F.3d 150, 158 n.13, 166 (3d Cir. 2005)).

properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos,* 497 F. App'x 234, 239 (3d Cir. 2012) (*per curiam*) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983); *Curry v. McCann,* No. CV 18-5444, 2019 WL 77441, at *4 (E.D. Pa. Jan. 2, 2019) (dismissing claim against county prison with prejudice because "[a] county correctional facility . . . is not a 'person' under section 1983"). Plaintiff's claim against ECP will therefore be dismissed.

### IV. CONCLUSION

Based upon the foregoing reasons, Defendant's motion will be granted and the Complaint will be dismissed. An appropriate order follows.

SUSAN PARADISE BAXTER
United States District Judge

Date: January 7, 2019